[No. C. D. 2001. *En Banc*. November 22, 1934.]

*In the Matter of Proceedings for the Disbarment of* W. E. GWYNN.[1]

*Matthew W. Hill,* for board of governors.
*W. E. Gwynn* and *John E. Belcher,* for accused.

TOLMAN, J.—The board of governors of the Washington state bar association, in due course, transmitted to this court its findings of fact and recommendations,

[1]Reported in 37 P. (2d) 1114.

together with the entire record of the proceedings before it, for the disbarment of W. E. Gwynn.

Upon the filing thereof the matter was regularly set for hearing. Mr. Gwynn appeared in person and by counsel, and the board of governors appeared by its counsel. The case was argued orally and submitted to this court upon the merits.

It appears from the record that the charges were five in number, all relating to financial transactions between Mr. Gwynn and various of his clients. The board found the evidence to be sufficient to sustain four of the charges and insufficient as to the fifth charge, whereupon it adjudged him guilty of unprofessional conduct and recommended that he be permanently disbarred.

The questions presented here are wholly questions of fact. We have therefore read and considered the entire record, weighed the evidence with care, and are convinced that each of the four findings of guilt made by the board is supported by the weight of the evidence, and that the recommendation made by the board is a proper one.

It is therefore the order and judgment of this court that W. E. GWYNN be and he is hereby permanently disbarred from the practice of law in this state.

BEALS, C. J., MAIN, MITCHELL, STEINERT, and BLAKE, JJ., concur.

MILLARD, J. (dissenting in part)—I am of the view that the order of this court should provide that the respondent be disbarred or suspended from the practice of law in this state "until further order of this court."

GERAGHTY, J., concurs with MILLARD, J.

HOLCOMB, J. (dissenting)—The offenses of which the attorney was charged for misuse of funds of cer-

tain of his clients were no graver than those in *In re Penland,* 152 Wash. 427, 277 Pac. 1119, where the former board of law examiners recommended suspension for a period of one year, which this court affirmed. Nor are they any more serious or grave than those considered in *In re Sampley,* 160 Wash. 92, 294 Pac. 1118, in which case two members of the board of bar examiners recommended permanent disbarment and one member recommended suspension for a year. After considering the evidence in the case, we held that Sampley should be suspended from the practice for a period of one year. We also in that case referred to that of In re Bedford, No. 855, an unreported decision, where suspension for one year had been ordered.

While no one case can establish a positive precedent for all subsequent cases, this court should at least be consistent in its actions in passing upon such matters.

My opinion is that suspension of this attorney for one year would amply satisfy the requirements of the public and the law. I therefore dissent from the prevailing opinion.